JODI LINKER, Bar Number 230273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar Number 358709
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Taylor_Fatherree@fd.org

Counsel for Yeison VALLE-COREA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 25–214 MMC |
|---|---|
| Plaintiff, | **DEFENSE SENTENCING MEMORANDUM** |
| v. | |
| YEISON VALLE-COREA, | **Court:** Courtroom 7, 19th Floor<br>**Hearing Date:** August 6, 2025 |
| Defendant. | **Hearing Time:** 2:15 p.m. |

## INTRODUCTION

Yeison Valle-Corea comes before this Court for a jointly requested combined change of plea and sentencing in a case involving street-level drug sales and possession. For this low-level drug activity, he will sustain an aggravated felony conviction and near-certain deportation. Originally from Tegucigalpa, Honduras, Mr. Valle-Corea first came to the United States as a 17-year-old due to extreme economic hardship. In 2019, he was convicted of misdemeanor improper entry which is his sole criminal conviction. He worked legitimately for much of his time in the United States and eventually turned to low-level drug sales because of a lack of work.

Mr. Valle-Corea took the first opportunity in this case to waive indictment and plead guilty. He will face substantial immigration consequences as a result of this conviction. This is not only his first felony conviction, but his first aggravated felony. He will not only be subject to near-certain deportation back to Honduras, but will be ineligible for numerous avenues of relief in immigration proceedings and will become permanently inadmissible to the United States in the future.

Mr. Valle-Corea takes responsibility for his actions and very much regrets any resulting harm. He intends to plead guilty at the hearing scheduled for August 6th and requests that the Court impose sentence on that same date. He respectfully requests that the Court impose the parties' agreed-upon sentence of time served plus one business day to be followed by three years of supervised release, a special search condition, and a stay-away order from the Tenderloin. In light of the proposed disposition, he requests that the Court decline to order preparation of a Presentence Report, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii). Such a sentence is appropriate based on the factors delineated in 18 U.S.C. § 3553(a).

## ARGUMENT

**I.  A sentence of time served plus one business day is sufficient but not greater than necessary to achieve the sentencing goals of § 3553(a)**

In sentencing Mr. Valle-Corea, this Court must consider all the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than

necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2). Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

The defense calculates a final offense level of 17. This calculation stems from a base offense level of 20[1] with a 3-level reduction for acceptance of responsibility. Mr. Valle-Corea has a criminal history of Category II. The resulting advisory Guidelines range is 27-33 months.

### A. The nature and circumstances of the offense

Mr. Valle-Corea was arrested on May 28, 2025 as part of the government's Fast Track initiative targeting cases arising in the Tenderloin for federal prosecutions. Like in many of these cases, Mr. Valle-Corea was arrested for relatively minor drug quantities. Absent the initiative, such a case would normally be prosecuted in state court. Mr. Valle-Corea was released from state custody and arrested on the federal complaint while attending his state court date.

Mr. Valle-Corea was making small drug sales in the Tenderloin and sold $30.00 worth of fentanyl to an undercover police officer. Officers subsequently arrested Mr. Valle-Corea and recovered one bag of drugs near him on the ground. This bag and the fentanyl sold to the undercover officer together totaled approximately 27.4 grams. The quantities used by the parties in the plea agreement represent gross weights that include the weight of packaging; thus, the net weight of the

---

[1] The drug quantity of 27.4 grams of fentanyl puts Mr. Valle-Corea in section 11 of the Drug Quantity Table. U.S.S.G., §2D1.1(c).

drugs would be even less. This was a street-level drug offense that did not involve violence, weapons, or other aggravating factors.

Mr. Valle-Corea understands that circulating these substances can lead to serious and tragic consequences. At the same time, Mr. Valle-Corea was not a sophisticated drug trafficker. His involvement in the trade was borne out of a lack of economic opportunity and did not result in significant enrichment. Mr. Valle-Corea possessed a small amount of drugs even as compared to other street-level dealers. Comparatively, Mr. Valle-Corea's offense is relatively minor, and does not warrant additional time in custody.

Mr. Valle-Corea took the earliest possible opportunity to waive indictment and plead guilty to the charged offense. The Court should take into consideration such timely and extraordinary acceptance of responsibility.

### B. The history and characteristics of Mr. Valle-Corea[2]

By now, the Court is no doubt familiar with the widespread poverty, lack of opportunity, and violence that plagues people living in Honduras and that has caused many of them to travel to the United States in search of a better life. Mr. Valle-Corea's life and background presents yet another example of this same sad pattern. He was born in Tegucigalpa, Honduras, and raised by his mother along with his brother and sister. He rarely saw his father growing up. Mr. Valle-Corea's mother sold food in the street to support her children. Life was very difficult and the family struggled to have enough to eat and other basic necessities. Mr. Valle-Corea left school after middle school to help support his family by earning money in the welding industry.

Mr. Valle-Corea originally came to the United States seeking a better life and hoping to help support his family. He worked in soldering and welding as he had in Honduras. He was removed from the United States in 2020, following his improper entry conviction. Mr. Valle-Corea eventually came back to the United States because of danger in his home country and a lack of work. He worked for a time making deliveries and with a moving company, but both jobs slowed down and he had to rely on savings. After a while, Mr. Valle-Corea was unable to support himself and turned to drug

---

[2] Because of the parties' requested expedited sentencing in this matter, there has been no pre-sentence interview. To assist the Court, undersigned counsel will include in this section information normally obtained in a pre-sentence interview.

sales. He deeply regrets this decision and owns his mistake. However, Mr. Valle-Corea was an unsophisticated dealer and did not greatly profit from his involvement in the drug trade. He became involved after a lifetime of poverty and an inability to support himself.

It is a virtual certainty that Mr. Valle-Corea will be deported after this case resolves. The immigration consequences from this case for Mr. Valle-Corea will extend beyond deportation. This conviction is an aggravated felony for immigration purposes, and will foreclose possible pathways for Mr. Valle-Corea to remain in the United States. He understands that he will be vulnerable to serious penalties if he returns to the country. Although the parties have agreed that a time-served sentence is appropriate in this case, Mr. Valle-Corea will spend an indeterminate amount of time in ICE custody awaiting deportation. He has no desire to subject himself to such circumstances again, especially with the possibility of a significant prison sentence prior to deportation.

After his expected deportation, Mr. Valle-Corea plans to live in Tegucigalpa. He intends to find work as a welder. He knows that coming back to the United States is not an option and is planning for a future in his home country.

For all the reasons set forth above, Mr. Valle-Corea respectfully requests that the Court impose the parties' agreed-upon sentence of time served plus one business day. He does not have any financial assets and therefore is requesting that any fine be waived. Such a sentence is sufficient but not greater than necessary to achieve the sentencing goals laid out in § 3553(a).

Dated: July 31, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
TAYLOR FATHERREE
Assistant Federal Public Defender